**Kui WANG, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–74310.

Agency No. A77–772–349.

United States Court of Appeals, Ninth Circuit.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Submitted Nov. 10, 2003.*

Decided Nov. 14, 2003.

Joy H. Huang, Law Offices of Joy H. Huang, P.C., Tempe, AZ, for Petitioner.

Regional Counsel, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, District Director, Immigration & Naturalization Service, Phoenix, AZ, Alison R. Drucker, Donald E. Keener, U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before KOZINSKI, SILVERMAN, and TALLMAN, Circuit Judges.

MEMORANDUM**

Kui Wang, a native and citizen of the People's Republic of China, petitions for review of an order of the Board of Immigration Appeals ("BIA") summarily affirming the order of an Immigration Judge ("IJ") denying his application for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252(b). We review for substantial evidence the IJ's determination that Wang failed to demonstrate he either suffered persecution or had a well-founded fear of persecution on account of his political opinion or any other protected ground. *See Ochave v. INS,* 254 F.3d 859, 861–62, 866–67 (9th Cir.2001). We deny the petition.

The evidence does not compel the conclusion that either the police who mistreated Wang or the officials who pressured him to join the military were motivated by Wang's race, religion, nationality, membership in any particular social group, or political opinion. *See Florez–De Solis v. INS,* 796 F.2d 330, 335 (9th Cir.1986).

Furthermore, Wang's expressed fears of prosecution, *see Mabugat v. INS,* 937 F.2d 426, 429 (9th Cir.1991), and of forced military service, *see Abedini v. INS,* 971 F.2d 188, 191 (9th Cir.1992), do not establish a well-founded fear of future persecution.

Because Wang failed to establish eligibility for asylum, it follows that he failed to satisfy the more stringent standard for withholding of removal. *See Ochave,* 254 F.3d at 869.

**PETITION FOR REVIEW DENIED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

courts of this circuit except as may be provided by 9th Circuit Rule 36–3.

